IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

DENISE SWANSON,
c/o Walton + Brown LLP
395 East Broad Street, Suite 200
Columbus, OH, 43215

    Plaintiff,

Vs.

VILLAGE OF WELLINGTON
115 Willard Memorial Square
Wellington, OH 44090

    Defendant.

CIVIL ACTION NO.:

JUDGE:

JURY DEMAND ENDORSED HEREON

## INTRODUCTION

1. Plaintiff, Denise Swanson ("Plaintiff"), brings this action against her employer, the Village of Wellington ("Defendant"), for unlawful employment practices, including sex-based discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Ohio state law.

2. Plaintiff seeks damages and other appropriate relief for the injuries she sustained as a result of Defendant's conduct.

## PARTIES

3. Plaintiff, Denise Swanson, is an individual residing in Lorain County, Ohio. At all relevant times, Plaintiff was employed by Defendant in Wellington, Ohio.

4. Defendant, Village of Wellington, is a municipal corporation located in Lorain County, Ohio, and is an employer within the meaning of Title VII and Ohio state law.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended.

6. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Defendant, alleging sex-based discrimination, harassment, and retaliation.

9. The EEOC issued a Right to Sue Letter on May 28, 2024, attached hereto as Exhibit 1.

10. Plaintiff has satisfied all conditions precedent to the filing of this lawsuit.

## FACTUAL ALLEGATIONS

11. Plaintiff has been employed by Defendant as a Police Department employee under the direct supervision of the Chief of Police since May of 2019. Her job duties included answering the telephone, maintaining the Police supply cabinet, handling payroll, accounts payable, accounts receivable, vendor contracts, and monitoring social media.

12. Plaintiff was attracted to the position because it offered flexible hours and the ability to work from home, which was essential for her as a mother of two small children.

13. In the spring of 2021, former Sargent Jeff Mecklenburg, a ranking police officer and Plaintiff's supervisor at the time, began expressing a romantic interest in Plaintiff.

14. Sargent Mecklenburg made advances toward Plaintiff, including buying Plaintiff gifts. He also appeared uninvited at Plaintiff's home in a police uniform and cruiser.

15. After Plaintiff rejected his advances, Sargent Mecklenburg escalated his behavior, including coming to work intoxicated and cornering Plaintiff in small spaces.

16. On April 27, 2022, Plaintiff reported to the Police Chief that Sargent Mecklenburg's unwanted attention had escalated.

17. The next day, April 28, 2022, Sargent Mecklenburg verbally attacked and physically threatened Plaintiff at work. Sargent Mecklenburg, while reeking of alcohol, aggressively approached Plaintiff while she was in her office. He paced erratically back and forth, blocking Plaintiff's egress and throwing her personal items around the office.

18. Mecklenburg expressed anger that Plaintiff had spoken to the Police Chief and he yelled nonsensical statements at Plaintiff, calling her a "bitch" and a "whore." Plaintiff called the Chief of Police during Mecklenburg's verbal assault, and he heard all or at least large portions of the incident through the phone.

19. Later that same day, the Chief accepted Sargent Mecklenburg's resignation The Chief then went to the Auxiliary Building and advised Ms. Swanson to go home for the day based upon the emotional trauma she had just suffered.

20. After reporting the harassment, Plaintiff prepared a written statement for the Chief. Plaintiff later discovered that her statement had been shown to Sargent Mecklenburg, possibly at the direction of the City Manager or the Mayor.

21. In July 2022, the Chief informed Plaintiff that she had a "target" on her back.

22. On August 23, 2022, Plaintiff was placed on unpaid suspension. Three days later, Plaintiff received an amended paid suspension notice.

23. Plaintiff remained on paid suspension for nearly four months, until December 12, 2022.

24. Upon returning to work, Plaintiff was required to attend counseling and was subjected to intense scrutiny from her superiors, including only being allowed to work in her office when the Chief of Police was present.

25. After publicly complaining about the harassment and retaliation, Plaintiff experienced additional retaliatory actions from Defendant. Plaintiff contacted the EEOC and began the process of filing a charge of discrimination against the Village upon her return to work in December 2022.

26. On February 17, 2023, the EEOC presented Plaintiff's complaint to Defendant. Four days later, on February 21, 2023, Defendant enforced previously unenforced guidelines restricting part-time employees, including Plaintiff, to no more than 30 hours per week, with no holidays or overtime.

27. This enforcement forced Plaintiff to reduce her hours and pay by at least 30%.

28. Since May 19, 2019, Plaintiff had regularly worked at least 40 hours per week due to the demands of her job. Her status in the Ohio Pension system also qualifies her as a full-time employee.

29. After filing her charge of discrimination, Plaintiff was subjected to several more acts of discipline. For example, in August 2023, Plaintiff was disciplined for working from home, despite this being a condition of her employment since 2019.

30. Plaintiff documented that a male co-worker was allowed to work from home without facing discipline, highlighting the discriminatory nature of the retaliation against her.

31. Plaintiff has suffered significant trauma, including emotional distress, anxiety, and other related issues, as a result of the ongoing retaliation by Defendant.

COUNT I: SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

32. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 31 as if fully restated herein.

33. Defendant, through its agent Sargent Mecklenburg, subjected Plaintiff to unwelcome sexual advances and other conduct that created a hostile work environment.

34. Defendant failed to take appropriate remedial measures despite Plaintiff's complaints.

35. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress and economic losses.

## COUNT II: RETALIATION IN VIOLATION OF TITLE VII

36. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 35 as if fully restated herein.

37. Defendant retaliated against Plaintiff for reporting harassment by suspending her for four months, reducing her hours and cutting her pay when she returned to work, and attempting to discipline on numerous occasions her under false pretenses.

38. The Sixth Circuit has observed that even a "brief placement on paid administrative leave" can meet the threshold for an adverse employment action for a retaliation claim. *Childs v. Kroger Co.*, 222 N.E.3d 741 (2023). This is because the standard for establishing an adverse employment action in retaliation cases is less stringent than in discrimination cases. *Smith v. Dept. of Pub. Safety*, 997 N.E.2d 597 (2013).

39. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress and economic losses.

## COUNT III: VIOLATION OF OHIO REVISED CODE § 4112.02

40. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 39 as if fully restated herein.

41. Defendant's conduct constitutes unlawful discriminatory practices under Ohio Revised Code § 4112.02.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered emotional distress and economic losses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that the acts and practices complained of herein are in violation of Title VII of the Civil Rights Act of 1964, as amended, and Ohio state law;

2. Award Plaintiff compensatory damages, including back pay, front pay, and damages for emotional distress;

3. Award Plaintiff punitive damages for Defendant's conduct;

4. Award Plaintiff reasonable attorneys' fees and costs;

5. Grant such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*/s/ Chanda L. Brown*
Chanda L. Brown (0081076)
(*cbrown@waltonbrownlaw.com*)
WALTON + BROWN LLP
395 E. Broad Street, Suite 200
Columbus, OH 43215
Phone: 614-636-3476
Fax: 614-636-3453